739 So.2d 127 (1999)
STATE of Florida, Appellant,
v.
Jackie Ray MAPLES, Appellee.
No. 98-2117.
District Court of Appeal of Florida, Fifth District.
July 9, 1999.
Rehearing Denied August 20, 1999.
*128 Robert A. Butterworth, Attorney General, Tallahassee, and Kristen Davenport, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellee.
PER CURIAM.
The State of Florida appeals the 30 year sentence imposed upon Jackie Ray Maples for, among other crimes, burglary with an assault or battery. § 810.02(2), Fla. Stat. (1997). We vacate the sentence and remand for resentencing.
Maples had been released from prison for prior crimes on August 29, 1997, when he committed the current offense less than two months after his release. The trial court found that Maples qualified as a prison releasee re-offender and sentenced him to 30 years imprisonment. § 775.082(8)(a)2 b, Fla. Stat. (1997). We find the sentence to be incompatible with the legislative directives of the Prison Releasee Reoffender Act (Act).
The Act's preamble states in pertinent part that, "the Legislature finds the best deterrent to prevent prison releasees from committing future crimes is to require that any releasee who commits new serious felonies [within three years of being released from prison] be sentenced to the maximum term of incarceration allowed by law...." Ch. 97-239, Preamble, at 2795-96, Laws of Fla. The penalty prescribed for burglary is a term of years not exceeding life imprisonment, and in order to comply with the Act, the trial court was required to impose the most severe penalty allowable, to wit: life imprisonment. §§ 810.02(2), 775.082(8)(a)2.a., Fla. Stat. (1997). See also Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999) (legislative history of Act states in pertinent part that, "If the court finds by a preponderance of the evidence that the defendant qualifies [under the Act], it has no discretion and must impose the statutory maximum allowable for the offense"); McKnight v. State, 727 So.2d 314, 316 (Fla. 3d DCA 1999) (summarizing the sentencing scheme of the Act, the court concluded that essentially, the mandatory minimum under the Act is the maximum statutory penalty); Plain v. State, 720 So.2d 585, 586 (Fla. 4th DCA 1998) (the Act provides for greater penalties for certain offenses committed within three years of release from a state correctional facility) (emphasis added), rev. denied, 727 So.2d 909 (Fla.1999); Young v. State, 719 So.2d 1010, 1012 (Fla. 4th DCA 1998) (Act's purpose was to impose stricter punishment on re-offenders to protect society) (emphasis added), rev. denied, 727 So.2d 915 (Fla.1999).
SENTENCE VACATED; REMANDED.
HARRIS, PETERSON and THOMPSON, JJ., concur.