743 So.2d 77 (1999)
Brian DURDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1959.
District Court of Appeal of Florida, First District.
September 1, 1999.
Nancy A. Daniels, Public Defender and Michael J. Minerva, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Brian Durden appeals his conviction and sentence for carjacking while armed with a deadly weapon. See § 812.133, Fla. Stat. (1997). Durden argues (i) that L.B. v. State, 700 So.2d 370 (Fla.1997), required the trial court either to grant a judgment of acquittal or to give a jury instruction that a common pocketknife is not a deadly weapon and (ii) that section 775.082, Florida Statutes (1997), the Prison Releasee Reoffender Act, is an unconstitutional delegation of judicial authority to the state attorney and violates the single subject requirement of article III, section 6, of the Florida Constitution. We affirm on all issues.
In L.B., the court, interpreting the definition of "weapon" under section 790.001(13), Florida Statutes (1997), held that a "common pocketknife" was not a "weapon" for the purposes of a possession offense. Here, however, the appellant, who held the open blade of a pocketknife to the victim's throat, was convicted of using a pocketknife as a "deadly weapon" in a carjacking. The court has also recently held that whether an object is a "deadly weaponi.e., whether it is `likely to produce death or great bodily harm'is a factual question to be answered by the jury in each case." Dale v. State, 703 So.2d 1045, 1047 (Fla.1997); see also Mims v. State, 662 So.2d 962 (Fla. 5th DCA 1995); Arroyo v. State, 564 So.2d 1153, 1154 (Fla. 4th DCA 1990); State v. Nixon, 295 So.2d 121 (Fla. 3d DCA 1974). Accordingly, L.B. is distinguishable. See also Walls v. State, 730 So.2d 294 (Fla. 1st DCA 1999).
We have recently rejected the arguments raised by appellant relating to the Prison Releasee Reoffender Act. See Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999) and Jackson v. State, 744 So.2d 466 (Fla. 1st DCA 1999). As in Woods and Jackson, we certify the following question to the supreme court as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED; question certified.
KAHN, WEBSTER AND VAN NORTWICK, JJ., CONCUR.