PER CURIAM.
We affirm all five issues appellant raised in this appeal from convictions for armed burglary, grand theft auto, and aggravated assault with a firearm. We write only on two of the issues concerning appellant’s sentence under the prison- releasee reof-fender statute.
Appellant was sentenced as a prison releasee reoffender under section 775.082(8), Florida Statutes (1997), to life imprisonment for his armed burglary conviction. He challenges section 775.082(8) on the .same grounds this court rejected in Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), and Durden v. State, 743 So.2d 77 (Fla. 1st DCA 1999). Although we affirm on this point, in accordance with Turner, and Durden we certify the following question to the.Florida Supreme Court as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
Appellant also challenges his life sentence, asserting that because his armed burglary conviction is a first degree felony punishable by life, not a life felony, the maximum sentence he could have received under section 775.082(8) was 30 years; hence, his life sentence is illegal. In support of his argument, appellant points to Burdick v. State, 594 So.2d 267 (Fla.1992), wherein the Florida Supreme Court designated the following five types of felonies: capital, life, first degree, second degree, *836 and third degree, and stated that first degree felonies punishable by life were first degree felonies regardless of the sentence imposed (life or a term of years). Id. at 268-69. Appellant argues that because he was convicted of a first degree felony, section 775.082(8)(a)(2)(b) provides a maximum sentence of 30 years. We cannot agree.
Subsection 775.082(8)(a)(2)(a) provides for an enhanced life sentence for a “felony punishable by life.” The statute does not use the term “life felony,” but rather uses the term “felony punishable by life,” which includes both life felonies and first degree felonies punishable by life. Because appellant’s armed burglary conviction under section 810.02(2)(b), Florida Statutes (1997), is a first degree felony punishable by life, the life sentence imposed under section 775.082(8)(a)(2)(a) was legal. In so saying, we are not persuaded by appellant’s analogy to the habitual felony offender statute, which at one point did not include an enhancement for life felonies. See Burdick; Lamont v. State, 610 So.2d 435 (Fla.1992). Unlike the habitual felony offender statute, section 775.082(8)(a)(2)(a) unambiguously includes both life felonies and first degree felonies punishable by life.
Appellant’s convictions and sentences are AFFIRMED.
ERVIN, LAWRENCE and PADOVANO, JJ, CONCUR.