765 So.2d 860 (2000)
STATE of Florida, Appellant/Cross-Appellee,
v.
Jaquan Kionte NEWMONES, Appellee/Cross Appellant.
Nos. 5D99-3135, 5D99-3209.
District Court of Appeal of Florida, Fifth District.
August 18, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellee/Cross-Appellant.
W. SHARP, J.
In these consolidated cases, Newmones appeals from his judgment and sentence for armed robbery with a firearm[1] and the state appeals from the sentence imposed *861 on Newmones.[2] Newmones' challenges to his conviction have no merit, but we agree with the state that Newmones should be resentenced to a life term.
Newmones was convicted of robbery with a firearm, a violation of section 812.13(2)(a), Florida Statutes, which provides that this crime is a felony of the first degree "punishable by imprisonment for a term of years not exceeding life imprisonment...."[3] Newmones was also qualified as a prison releasee reoffender, pursuant to section 775.082(9), Florida Statutes. According to that statute, a prison releasee reoffender must be sentenced as follows:
(a) for a felony punishable by life, by a term of imprisonment for life;
(b) for a felony of the first degree, by a term of imprisonment of 30 years.
Over the state's objections, the trial court sentenced Newmones to 30 years in prison.
This court has held that the Prison Releasee Reoffender Act mandates a penalty of life in prison for burglary because it is a felony "punishable by life." State v. Maples, 739 So.2d 127 (Fla. 5th DCA), cause dismissed, Case No. 96,677, ___ So.2d ___ (Fla.1999). See also Knight v. State, 2000 WL 305324, ___ So.2d ___ (Fla. 1st DCA Mar.27, 2000); Brown v. State, 1999 WL 1112715, ___ So.2d ___ (Fla. 1st DCA Dec.8, 1999). The trial judge has no discretion to depart downwards from this mandatory sentence once a defendant is shown to meet the qualifications of being a prison releasee reoffender, as defined by that statute. Any doubts concerning the constitutionality of the Prison Releasee Reoffender Act have been resolved in favor of constitutionality. See State v. Cotton, 2000 WL 766521, ___ So.2d ___ (Fla. June 15, 2000).
Accordingly, we affirm Newmones' convictions, but vacate his sentence for armed robbery and remand with instructions to impose a life sentence for that offense.
AFFIRMED in part; Sentence for Armed Robbery with a Firearm VACATED; REMANDED for resentencing.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Appeal number 99-3209.
[2] Appeal number 99-3135.
[3] Newmones also pled guilty to a resisting arrest charge pursuant to section 843.02, at the beginning of his trial.