791 So.2d 490 (2000)
Michael KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2561.
District Court of Appeal of Florida, First District.
March 27, 2000.
Opinion Granting Rehearing and Certification August 22, 2000.
Nancy A. Daniels, Public Defender; G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Terri León-Benner, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals his life sentence under the Prison Releasee Reoffender Act ("Act") for robbery with a firearm and also raises several constitutional challenges to the Act. We find that appellant received the correct sentence under the Act and affirm.
We previously have addressed appellant's constitutional challenges to the Act and decline to address them again. See Jackson v. State, 744 So.2d 466 (Fla. 1st DCA), rev. granted,749 So.2d 503 (Fla. 1999); Woods v. State, 740 So.2d 20 (Fla. 1st DCA), rev. granted, 740 So.2d 529 (Fla. 1999); see also Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999); Durden v. State, 743 So.2d 77 (Fla. 1st DCA 1999). This court has also found that the term "felony punishable by life" in subsection 775.082(8)(a)(2)(a), Florida Statutes (1997), covers both life felonies and first degree felonies punishable by a term of years not exceeding life. See Brown v. State, 24 Fla. L. Weekly D2753, ___ So.2d ___, 1999 WL 1112715 (Fla. 1st DCA Dec. 8, 1999). Thus, the Act requires a life sentence for robbery with a firearm, and the trial court imposed the correct sentence.
Accordingly, we AFFIRM appellant's sentence, and, as we did in Woods, we certify the following question to the Florida Supreme Court:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED.
MINER, BENTON and BROWNING, JJ., CONCUR.

ON MOTION FOR REHEARING AND CERTIFICATION
PER CURIAM.
We grant Appellant's Motion for Rehearing and Certification of a Question of Great Public Importance only to the extent that we add the following certified question to our previously issue opinion of March 27, 2000:
DOES SECTION 775.082 (9)(A)3A, FLORIDA STATUTES (1999), WHICH MANDATES A LIFE SENTENCE FOR PRISON RELEASEE REOFFENDERS WHO COMMIT "A FELONY PUNISHABLE BY LIFE," APPLY BOTH TO LIFE FELONIES AND FIRST DEGREE FELONIES PUNISHABLE BY IMPRISONMENT FOR A TERM OF YEARS NOT EXCEEDING LIFE?
MINER, BENTON and BROWNING, JJ., CONCUR.