LEWIS, J.
We have for review Durden v. State, 743 So.2d 77 (Fla. 1st DCA 1999), in which the district court certified the same question of great public importance that it had in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), approved sub nom. State v. Cotton, 769 So.2d 345 (Fla.2000), and several other cases.[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Durden challenges his life sentence under the Prison Releasee Reoffender Act[2] (the “Act”). We approved the decision in Woods, holding that the Act does not violate the separation of powers clause, and rejecting other constitutional challenges, including those that asserted that the Act is void for vagueness and that the Act violates a criminal defendant’s due process rights by allowing a “victim veto” over whether a defendant is sentenced under it. See State v. Cotton, 769 So.2d 345 (Fla.2000). Therefore, we decline to address those same types of challenges that Dur-den makes here. Further, in Grant v. State, 770 So.2d 655 (Fla.2000), we held that the Act does not violate the single subject rule for legislation.[3]
Accordingly, we approve the decision of the district court in Durden’s case.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.

. As stated in Woods, that question is:
DOES THE PRISON RELEASEE REOF-FENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?

. See § 775.082(8), Fla. Stat. (1997).

.Ancillary to the issue involved in the certified question, Durden argues that he was improperly convicted of carjacking with a deadly weapon, because his use of a common pocketknife does not qualify as the use of a deadly weapon under the relevant statute. We decline to disturb the district court’s construction of the statute as applied to this issue.