789 So.2d 1030 (2001)
Elijah VARGAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1603.
District Court of Appeal of Florida, Fourth District.
May 2, 2001.
Rehearing Denied July 11, 2001.
*1031 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan Odzer Hugentugler, Assistant Attorney General, Fort Lauderdale, for appellee.
STONE, J.
Vargas was convicted and sentenced on three counts of kidnapping and three counts of robbery. We reverse his sentence as to counts I, III, and V. In all other respects, we affirm.
In Grant v. State, 770 So.2d 655 (Fla. 2000), the court held that the prison releasee reoffender (PRRO) statute permits simultaneous habitual offender and prison releasee reoffender sentences for the same offense only when the habitual offender sentence exceeds the PRRO sentence, but not when the habitual offender sentence equals the PRRO sentence. See id. The state acknowledges that the HVFO sentences as to counts I, III, and V, which equal the PRRO sentences on those counts, are improper and must be vacated. The HVFO sentences on counts II, IV, and VI exceed the PRRO sentences on those counts and, therefore, are not unlawful.
Vargas also asserts that it was error to sentence him to life, as a prison releasee reoffender, for a first-degree felony, punishable by life.
The prison releasee reoffender statute, section 775.082(9), Florida Statutes (1999), provides that defendants so qualified must be sentenced as follows:
a. For a felony punishable by life, by a term of imprisonment for life;
b. For a felony of the first degree, by a term of imprisonment of 30 years;
The kidnapping statute, which Vargas violated, is a first-degree felony punishable by life. See § 787.01(2), Fla. Stat. (1999).
Vargas argues that he should have been sentenced under the provision for those committing a first-degree felony rather than a felony punishable by life where the offense is punishable by a term of years not exceeding life. This argument, however, was rejected by the First District in Brown v. State, 24 Fla. L. Weekly D2753, ___ So.2d ___, 1999 WL 1112715 (Fla. 1st DCA Dec.8, 1999). In Brown, the court recognized that the statute "provides for an enhanced life sentence for a `felony punishable by life,' but rather than using the term `life felony,' it uses the term `felony punishable by life,' which includes both life felonies and first degree felonies punishable by life." Id.; accord State v. Newmones, 765 So.2d 860 (Fla. 5th DCA 2000). We concur.
Subsequent to Brown, the First District certified the question raised in this appeal to the supreme court as one of great public importance, asking:
DOES SECTION 775.082(9)(A)3A, FLORIDA STATUTES (1999), WHICH MANDATES A LIFE SENTENCE FOR PRISON RELEASEE REOFFENDERS WHO COMMIT "A FELONY PUNISHABLE BY LIFE," APPLY BOTH TO LIFE FELONIES AND FIRST DEGREE FELONIES PUNISHABLE BY IMPRISONMENT FOR A TERM OF YEARS NOT EXCEEDING LIFE?
Knight v. State, 791 So.2d 490 (Fla. 1st DCA 2000), on rehearing. Recognizing that this issue is now pending in the supreme court, we affirm and certify the same question certified in Knight. As to all other issues raised, we find no reversible *1032 error or abuse of discretion. We stay the mandate pending resolution of the certified issue by the supreme court.
KLEIN and HAZOURI, JJ., concur.