790 So.2d 1235 (2001)
John Christopher STABILE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2427.
District Court of Appeal of Florida, Fifth District.
August 10, 2001.
*1236 James Dickson Crock, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Stabile appeals from his judgment and sentence as a principal to armed burglary of a dwelling.[1] After a jury trial, he was found guilty and was sentenced as a prison releasee reoffender to life in prison. He raises a number of issues on appeal, some of which we discuss below. Others we summarily reject as having no merit.[2]
First, Stabile argues his pretrial motion to disqualify the entire state attorney's office from prosecuting his case should have been granted. The factual basis for the motion is undisputed. The state attorney at the time of this case was John Tanner, who while in private practice, had defended Stabile in three prior criminal cases.[3] Stabile alleged he had given confidential information to Tanner which he feared would be used against him and that his confidential relationship with Tanner would be breached should the prosecutor cross-examine him when he took the stand on his own behalf. Also, defense counsel argued that Tanner might be called as a witness to testify as to the prior cases since they would be used to enhance Stabile's sentence under the Prison Releasee Reoffender Act.
The assistant state attorney asserted (without dispute) at the hearing on this motion that Tanner is not involved in this case, has never shared information about Stabile's prior cases with her, and in fact cannot even remember Stabile. The trial court denied the motion to disqualify but expressly prohibited any conversations between the prosecutor, assistant state attorney, and Tanner directly or indirectly concerning this case.
We think the trial court correctly resolved this potential problem of conflict of interest. The Florida Supreme Court has *1237 recognized that disqualification of the entire state attorney's office is not necessary when the record establishes the disqualified attorney has neither provided prejudicial information relating to the pending criminal charge nor has personally assisted in any capacity in the prosecution of the charge. See Bogle v. State, 655 So.2d 1103 (Fla.), cert. denied, 516 U.S. 978, 116 S.Ct. 483, 133 L.Ed.2d 410 (1995); Castro v. State, 597 So.2d 259 (Fla.1992); State v. Fitzpatrick, 464 So.2d 1185 (Fla.1985); State v. Cote, 538 So.2d 1356 (Fla. 5th DCA 1989).
In this case, there were no allegations or proof that Tanner provided information or personally assisted in the prosecution of the charges against Stabile. Nor are there any allegations that Tanner or anyone else violated the court's order which shielded Stabile from his former defense counsel. Under these circumstances, disqualification of the entire state attorney's office was not warranted. See Bogle (disqualification of entire state attorney's office was not warranted where prosecutor had a brief conversation with the defendant's former defense counsel; even though conversation should have never taken place, any appearance of impropriety was not so great that disqualification was mandated where no prejudicial information had been exchanged and former defense counsel now with the state attorney's office did not assist the prosecution in any capacity); Reaves v. State, 639 So.2d 1 (Fla.1994) (no error in refusing to disqualify entire state attorney's office from prosecuting defendant on retrial; defendant was properly shielded from his former prosecutor who had earlier been his defense counsel). Compare Castro v. State, 597 So.2d 259 (Fla.1992) (trial court should have disqualified state attorney's office from prosecuting defendant where the prosecuting attorney, knowing that the defendant's former public defender had now been hired by the state attorney's office, discussed motions pending in the defendant's case).
Stabile argues, however, that merely screening Tanner from prosecuting this case is insufficient because he is the administrative head of the office and has complete discretion to seek his enhanced sentencing as a prison releasee reoffender. Stabile is correct that the state's notice to classify him as a prison releasee reoffender was made in the name of Tanner. However, notice in this case was actually filed by the assistant state attorney. As Judge Blue noted in his specially concurring opinion in Pitts v. State, 787 So.2d 195 (Fla. 2d DCA 2001), the decision to seek prison releasee reoffender sentencing is usually made by the assistant state attorney. There is no allegation that Tanner was involved in making this decision.
Further, it appears that the discretion of the prosecutor under the Prison Releasee Reoffender Act is fairly limited. Section 775.082(9)(d) provides that it is the intent of the Legislature that offenders previously released from prison, who commit certain crimes, be punished to the fullest extent of the law as provided by the Prison Releasee Reoffender Act. If a defendant meets the four requirements under the Act, but is not sentenced under it, the state attorney must explain the deviation in writing. Further, the criteria for Prison Releasee Reoffender Act sentencing are not factually difficult to ascertain nor are they circumscribed with possible subjective ascertainment, like "mitigating or aggravating" circumstances in death penalty cases. The Prison Releasee Reoffender Act merely requires a determination that the defendant was convicted of a specified crime, within a certain time, after being released from prison. We reject Stabile's claim that Tanner's mere supervisory position was sufficient in itself to require disqualification *1238 of the entire office staff. See Meggs in and for Second Judicial Circuit v. McClure, 538 So.2d 518 (Fla. 1st DCA 1989).
Stabile also challenges the validity of his sentence as a prison releasee reoffender. He was sentenced as such pursuant to section 775.082(9)(a)1, as a defendant who committed armed burglary within three years of being released from a state correction facility. Proof has to be by a preponderance of the evidence.
To establish the prison releasee reoffender requisites for sentencing, the state produced certified copies of two of Stabile's prior convictions, and presented the deputy sheriff who fingerprinted Stabile for those convictions. The deputy identified Stabile as the man he fingerprinted. The state also produced an affidavit under seal from Crockett, Bureau Chief of Central Records of the Florida Department of Corrections. The affidavit certified that Crockett is the records custodian for the Florida Department of Corrections and that a thorough search of records pertaining to Stabile had been made. The affidavit states that the last release date for Stabile for the two cases was June 20, 1997. The offense in this case was committed on November 16, 1998. We think the affidavit was admissible as a business record exception to the hearsay rule, section 90.803(6), and that it was legally sufficient to prove the historical fact of the release date and the identity of the person released, under the preponderance of the evidence standard.
We also reject Stabile's claim that the proper standard of proof is the "beyond a reasonable doubt" standard, based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In Apprendi, the United States Supreme Court held that other than the fact of a prior conviction, any fact that increases the punishment for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Apprendi is inapplicable to the Prison Releasee Reoffender Act, because the Act merely limits the court's discretion in sentencing. It does not increase the penalty beyond the statutory maximum. See Dennis v. State, 784 So.2d 551 (Fla. 4th DCA 2001) (Apprendi does not apply to habitual felony offender statute); Kijewski v. State, 773 So.2d 124 (Fla. 4th DCA 2000), rev. denied, No. SC01-187, 790 So.2d 1105 (Fla. April 30, 2001) (Apprendi does not apply to the Prison Releasee Reoffender Act, as that Act did not increase maximum statutory penalty in defendant's case). Here the Prison Releasee Reoffender Act did not increase the statutory maximum for Stabile's offense.
Stabile also argues that the mandatory sentence under the Prison Releasee Reoffender Act is ambiguous and should not apply because it contains no specific reference to punishment for a "first degree felony punishable by life." Stabile was convicted of armed burglary, which is a first degree felony "punishable by imprisonment for a term of years not exceeding life imprisonment." § 810.02(b). The Prison Releasee Reoffender Act mandates a sentence of life imprisonment for a "felony punishable by life," and a term of thirty years for a "felony of the first degree." § 775.082(9)(a)3.a; b., Fla. Stat. Stabile argues that at worst, if the Prison Releasee Reoffender Act is applicable, his sentence should be a term of thirty years-not life imprisonment. This court has held that the Prison Releasee Reoffender Act mandates a life sentence for felonies "punishable by imprisonment for a term of years not exceeding life imprisonment." State v. Newmones, 765 So.2d 860 (Fla. 5th DCA 2000). The first and fourth districts agree but have certified the question.

*1239 DOES SECTION 775.082(8)(a)2a, FLORIDA STATUTES (1997), WHICH MANDATES A LIFE SENTENCE FOR PRISON RELEASEE REOFFENDERS WHO COMMIT "A FELONY PUNISHABLE BY LIFE," APPLY BOTH TO LIFE FELONIES AND FIRST DEGREE FELONIES PUNISHABLE BY IMPRISONMENT FOR A TERM OF YEARS NOT EXCEEDING LIFE?
Bennett v. State, ___ So.2d ___, 2001 WL 530477 (Fla. 1st DCA May 21, 2001); Vargas v. State, 789 So.2d 1030 (Fla. 4th DCA 2001); Gaines v. State, ___ So.2d ___, 2001 WL 120122 (Fla. 1st DCA February 14, 2001); Knight v. State, 791 So.2d 490 (Fla. 1st DCA) (opinion granting rehearing and certification, August 22, 2000); Brown v. State, ___ So.2d ___, 1999 WL 1112715 (Fla. 1st DCA Dec.8, 1999). We join our sister courts in certifying the same question to the Florida Supreme Court.
Finally, Stabile argues he should not be sentenced under the Prison Releasee Reoffender Act because armed burglary of an unoccupied dwelling is not specified as a qualifying offense under the Act. In State v. Huggins, ___ So.2d ___, 2001 WL 278107 (Fla. Mar.22, 2001), the Florida Supreme Court held that the word "occupied" in section 775.082(9)(a)1.q. modifies both "structure" and "dwelling," so that burglary of an unoccupied dwelling is not a qualifying offense under the Prison Releasee Reoffender Act.[4] Stabile reasons that since he was convicted of armed burglary of an unoccupied dwelling, his offense did not qualify for Prison Releasee Reoffender Act sentencing. However, Stabile was charged and convicted of armed burglary. Under the Prison Releasee Reoffender Act, "armed burglary" is a qualifying offense without regard to whether the place burgled is occupied or unoccupied. § 775 .082(9)(a)1.p., Fla. Stat. Thus we conclude Stabile was properly sentenced as a prison releasee reoffender.
AFFIRMED; Question CERTIFIED.
THOMPSON, C.J., and HARRIS, J., concur.
NOTES
[1] § 810.02(2)(b), Fla. Stat.
[2] We find Stabile's argument concerning the judge's ex parte communication with an alternate juror to be without merit. We also reject Stabile's assertion that the prosecutor made an improper closing argument which denied him a fair trial. The defense failed to object to the remarks and we do not find them to be so improper or so prejudicial as to constitute fundamental error. Echevarria v. State, 783 So.2d 1236 (Fla. 5th DCA 2001); Ward v. State, 765 So.2d 299 (Fla. 5th DCA 2000); Jones v. State, 666 So.2d 995 (Fla. 5th DCA 1996). The prosecutor's remarks made during rebuttal closing argument appear to be in response to claims made by the defense and fair comment on the evidence.
[3] Cases Nos. 92-35473, 93-33755 and 93-32068.
[4] The statute provides that "burglary of an occupied structure or dwelling" is a qualifying offense under the Prison Releasee Reoffender Act. § 775.082(9)(a)1.q., Fla. Stat.