COPE, J.
German Navarro appeals an order denying his motion to correct illegal sentence. We affirm.
Defendant-appellant Navarro was found guilty of having committed an armed robbery using a deadly weapon or firearm.* That offense is a first degree felony, punishable by life imprisonment. § 812.13(2)(a), Fla. Stat. (1997).
Defendant was sentenced as a Prison Releasee Reoffender (“PRR”). Under the PRR statute, if the offense at conviction is a felony punishable by life, then the sentence is a life term. § 775.082(8)(a)2.a., Fla. Stat. (1997). In accordance with the statute, the court imposed a life term.
By his motion for postconviction relief, the defendant contends that he received an illegal sentence. He argues that since his armed robbery offense was a first degree felony, it follows that he should have received the thirty-year penalty for a first degree felony specified by the PRR statute. See id. § 775.082(a)2.b. The trial court denied relief, and the defendant has appealed.
We agree with the trial court’s ruling. Under the PRR statute, a term of life imprisonment is specified if the offense at conviction is “[f]or a felony punishable by life....” Id. § 775.082(8)(a)2.a. (emphasis added). This provision applies to life felonies, and also to first degree felonies which are punishable by life imprisonment. Since defendant’s offense at conviction was a first degree felony punishable by life imprisonment, the defendant fell within the terms of the “punishable by life” portion of the statute. Accordingly, the defendant’s sentence is proper and legal under the statute.
In reaching this conclusion, we concur with Vargas v. State, 789 So.2d 1030 (Fla. 4th DCA 2001); Knight v. State, 791 So.2d 490 (Fla. 1st DCA), review granted, 796 So.2d 537 (Fla.2001); Stabile v. State, 790 So.2d 1235, 1239 (Fla. 5th DCA 2001); and *1049 Brown v. State, 24 Fla. L. Weekly D2753, — So.2d -, 1999 WL 1112715 (Fla. 1st DCA Dec.8, 1999). As the courts did in Vargas, Knight, and Stabile, we certify that we have passed on the following question of great public importance:
DOES SECTION 775.082(9)(A)3A, FLORIDA STATUTES (1999), WHICH MANDATES A LIFE SENTENCE FOR PRISON RELEASEE REOF-FENDERS WHO COMMIT “A FELONY PUNISHABLE BY LIFE,” APPLY BOTH TO LIFE FELONIES AND FIRST DEGREE FELONIES PUNISHABLE BY IMPRISONMENT FOR A TERM OF YEARS NOT EXCEEDING LIFE?
Affirmed; question certified.

 The crime date was July 29, 1997.