808 So.2d 210 (2002)
Michael KNIGHT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-1987.
Supreme Court of Florida.
January 24, 2002.
*211 Nancy A. Daniels, Public Defender, and G. Kay Witt, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Anne C. Toolan, Assistant Attorney General, Tallahassee, FL, for Respondent.
ANSTEAD, J.
We have for review the decision in Knight v. State, 791 So.2d 490 (Fla. 1st DCA 2000), in which the First District certified the following question as one of great public importance:
DOES SECTION [775.082(8)(a)2.a.], FLORIDA STATUTES (1997), WHICH MANDATES A LIFE SENTENCE FOR PRISON RELEASEE REOFFENDERS WHO COMMIT "A FELONY PUNISHABLE BY LIFE," APPLY BOTH TO LIFE FELONIES AND FIRST DEGREE FELONIES PUNISHABLE BY IMPRISONMENT FOR A TERM OF YEARS NOT EXCEEDING LIFE?[1]
791 So.2d at 490. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set forth below, we answer the certified question in the affirmative.

FACTUAL BACKGROUND
Michael Knight (Knight) was charged in an information filed by the State Attorney with armed robbery with a firearm pursuant to section 812.13(2)(a), Florida Statutes (1997), which states, "If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084." (Emphasis Added.)[2] The State Attorney also filed a notice of intent to seek enhanced penalties against Knight as a prison releasee reoffender (PRR) under the provisions of section 775.082(8)(a)2.a., Florida Statutes (1997). At trial, the jury returned a verdict finding Knight guilty of robbery with a firearm. The trial court then sentenced *212 Knight to be imprisoned for a term of natural life as a PRR, pursuant to section 775.082(8)(a)2.a., as well as imposing a three-year minimum mandatory term due to the robbery being committed with a firearm, pursuant to section 775.087(2), Florida Statutes (1997).
On direct appeal, the First District affirmed Knight's sentence.[3]See Knight, 791 So.2d at 490. On motion for rehearing and certification the First District added the aforementioned certified question of great public importance. See id.

ANALYSIS
Section 775.082(8)(a)2.a. provides that if the trial court determines that a defendant is a prison releasee reoffender, the defendant must be sentenced: "For a felony punishable by life, by a term of imprisonment for life." On the other hand, the PRR provision in section 775.082(8)(a)2.b. provides that for an offender convicted of a first-degree felony, offenders must receive "a term of imprisonment for 30 years." Knight asserts that for purposes of application of the PRR act, his armed robbery conviction should be treated as a felony of the first degree even though the conviction is subject to a sentence of life. Hence, he contends his sentence should have been limited to a maximum term of thirty years imprisonment.
The First District rejected Knight's contention: "This Court has also found that the term felony punishable by life in subsection 775.082(8)(a)2.a., Florida Statutes (1997), covers both life felonies and first degree felonies punishable by a term of years not exceeding life." 791 So.2d at 490. The First District relied upon the reasoning set out in its earlier decision in Brown v. State, 24 Fla. L. Weekly D2753, ___ So.2d ___, 1999 WL 1112715 (Fla. 1st DCA Dec.8, 1999).
In Brown, the First District reasoned that the wording "felony punishable by life" in section 775.082(8)(a)2.a., Florida Statutes (1997), included both life felonies and first-degree felonies punishable by life. See id. at D2754, at ___. The court explained:
Appellant also challenges his life sentence, asserting that because his armed burglary conviction is a first degree felony punishable by life, not a life felony, the maximum sentence he could have received under section 775.082(8) was 30 years; hence, his life sentence is illegal. In support of his argument, appellant points to Burdick v. State, 594 So.2d 267 (Fla.1992), wherein the Florida Supreme Court designated the following five types of felonies: capital, life, first degree, second degree, and third degree, and stated that first degree felonies punishable by life were first degree felonies regardless of the sentence imposed (life or a term of years). Id. at 268-69. Appellant argues that because he was convicted of a first degree felony, section 775.082(8)(a)(2)(b) provides a maximum sentence of 30 years. We cannot agree.
Subsection 775.082(8)(a)(2)(a) provides for an enhanced life sentence for a "felony punishable by life." The statute does not use the term "life felony," but rather uses the term "felony punishable by life," which includes both life felonies and first degree felonies punishable by life. Because appellant's armed burglary conviction under section 810.02(2)(b), *213 Florida Statutes (1997), is a first degree felony punishable by life, the life sentence imposed under section 775.082(8)(a)(2)(a) was legal. In so saying, we are not persuaded by appellant's analogy to the habitual felony offender statute, which at one point did not include an enhancement for life felonies. See Burdick; Lamont v. State, 610 So.2d 435 (Fla.1992). Unlike the habitual felony offender statute, section 775.082(8)(a)(2)(a) unambiguously includes both life felonies and first degree felonies punishable by life.
Id. We agree with and approve of the First District's analysis in Brown.
Here, as in Brown, Knight cites this Court's holding in Burdick v. State, 594 So.2d 267, 268-69 (Fla.1992), in which we held that "[t]here is no separate classification for first-degree felonies punishable by life imprisonment" in section 775.081, Florida Statutes (1989). Further, Knight argues that section 775.082(8)(a)2.a. is ambiguous because it is susceptible to different interpretations and it should thus be construed in the manner most favorable to the accused as provided for under the statutory lenity rule set out in section 775.021(1), Florida Statutes (1997).
Initially, we conclude that Knight's reliance on Burdick is misplaced. In Burdick, we addressed how first-degree felonies and first-degree felonies punishable by life should be treated under Florida's habitual felony offender statute. See Burdick, 594 So.2d at 267-68. However, in this case, we must determine the meaning of the term "felony punishable by life" as used in the PRR act. We agree with the First District that this term is not ambiguous. Hence, we also reject Knight's second argument that the PRR act is ambiguous, and must be construed in the manner he advocates.[4]
As the First District held, it appears the Legislature used the catch-all phrase "felony punishable by life" to include life felonies and first-degree felonies punishable by life since they both carry the maximum penalty of life imprisonment. Logically, prison releasee reoffenders who commit either life felonies or first-degree felonies punishable by life are to receive mandatory life sentences, since life sentences are the statutory maximum penalties provided for those crimes.
Based upon the Legislature's unambiguous language and its apparent purpose in providing for mandatory life sentences in PRR cases when the underlying offense carries a maximum life sentence, we conclude that the phrase "felonies punishable *214 by life," used in section 775.082(8)(a)2.a., Florida Statutes (1997), provides for a mandatory life sentence for prison releasee reoffenders who commit either life felonies or first-degree felonies punishable by life.
Accordingly, we approve the decision below of the First District and answer the certified question in the affirmative.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] The First District asked this Court to address section 775.082(9)(a)3.a., Florida Statutes (1999). However, because Knight's offense occurred on August 23, 1998, his prison releasee reoffender sentence is controlled by the 1997 Florida Statutes, and we therefore revise the certified question to involve section 775.082(8)(a)2.a., Florida Statutes (1997). Cf. Ellis v. State, 762 So.2d 912 (Fla.2000) (stating that the Laws of Florida or the Florida Statutes give citizens constructive notice of the consequences of their actions, including the Prison Releasee Reoffender (PRR) act). The section of the PRR act that is at issue in this case, although renumbered, remained substantively unchanged from 1997 to 1999.
[2] Knight was also charged in the same information with possession of a firearm by a convicted felon. However, that count is not an issue in this review proceeding.
[3] On direct appeal, the First District certified the question of whether the PRR act violated the separation of powers clause of the Florida Constitution. See Knight, 791 So.2d at 490. However, this question is no longer at issue as we subsequently held that the PRR act does not violate the separation of powers clause of the Florida Constitution in State v. Cotton, 769 So.2d 345, 349-50 (Fla.2000).
[4] Legislative history may be helpful to ascertain legislative intent when statutory language is susceptible to more than one meaning. See Rollins v. Pizzarelli, 761 So.2d 294, 299 (Fla. 2000). See also State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225, 233 (1929) (holding that ambiguous terms within a statute should be applied and interpreted in light of the legislative intent). However, this would not help Knight. Although the portion of the PRR act that refers to a "felony punishable by life" does not expressly articulate that it includes both life felonies and first-degree felonies punishable by life, the legislative history contained in the bill's Staff Analysis indicates that the Legislature intended to include both life felonies and first-degree felonies punishable by life in that term. The Staff Analysis states: "Any first degree felony that is punishable by life, is treated as a life felony." Fla. H.R. Comm. on Criminal Justice Appropriations, HB1371 (1997) Staff Analysis 5 (final April 2, 1997) (on file with comm.). The Staff Analysis also specifically states that one of the goals of the PRR act was to convert the statutory maximum penalties into the mandatory minimum penalties for those who have offended within three years of being released from prison. Fla. H.R. Comm. on Criminal Justice Appropriations, HB1371 (1997) Staff Analysis 1 (final April 2, 1997) (on file with comm.). Compare § 775.082(3), Fla. Stat. (1997), with § 775.082(8), Fla. Stat. (1997).