853 So.2d 594 (2003)
Roger C. CASSIDY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-913.
District Court of Appeal of Florida, Fifth District.
September 5, 2003.
James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Roger C. Cassidy appeals his convictions for robbery with a deadly weapon and tampering with evidence. We affirm.
Cassidy claims that the pocketknife he carried could not have been a deadly weapon. The jury was instructed that "[a] weapon is a `deadly weapon' if it is used or threatened to be used in a way likely to produce death or great bodily harm." Cassidy displayed the open pocketknife to the store clerk and threatened to cut her throat. Compare Durden v. State, 743 So.2d 77 (Fla. 1st DCA 1999) (affirming conviction for robbery with a deadly weapon where the defendant held the open blade of a pocketknife to the victim's throat). We conclude that there was sufficient evidence to make it a jury question whether the pocketknife wielded by Cassidy was a deadly weapon. See Dale v. State, 703 So.2d 1045, 1047 (Fla.1997) (whether a particular weapon is in fact deadly is a jury question).
Cassidy was also convicted of tampering with evidence, and he claims that the court should have granted his motion for judgment of acquittal. We disagree. Cassidy was charged in one count with hiding a piece of crack, a bag of marijuana, and a soda can modified so that it could be used as a pipe. A police officer testified that he saw Cassidy put the bag of marijuana under the seat, the soda can between the seats, and what looked like a piece of crack into his mouth. The soda can had what appeared to be crack residue on it *595 and the contents of the bag field tested to be marijuana. Although the object Cassidy put in his mouth was never recovered and the can was never tested, there was enough evidence for the jury to infer that Cassidy was tampering with evidence when he disposed of the crack-like object and hid the other two items.
AFFIRMED.
PALMER and TORPY, JJ., concur.