872 So.2d 985 (2004)
J.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3468.
District Court of Appeal of Florida, First District.
May 10, 2004.
*986 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General; Anne C. Conley, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Appellant, J.M., a juvenile, was charged with and found guilty of (I) possession of a weapon on school property in violation of section 790.115(2)(b) or 790.115(2)(c), Florida Statutes; and (II) intentional assault with a knife, a deadly weapon without intent to kill, in violation of section 784.021(1)(a), Florida Statutes. The issue on appeal is whether the trial court erred in denying appellant's motion to dismiss as to count II at the close of the State's case and at the close of all the evidence. We affirm.
Appellant concedes that the small pocket knife possessed and used by appellant falls within the proscription of a "weapon" as used in the statute governing the possession offense charged in count I.[1] Appellant also concedes that as to the charge of aggravated assault under count II, the weapon in this case, a common pocket knife, may constitute a "weapon" for purposes of the charging statute, section 784.021(1)(a), if it is used as a deadly weapon, i.e., if it is used in a manner likely to produce death or great bodily injury.[2]
The assault in this case took place during school hours in the hallway of a middle school where both the victim and appellant were students. The victim testified that appellant was waving the pocket knife at him with the blade exposed, threatening to "poke" him, and almost poking him in the chest area. Although upon viewing the pocket knife alone reasonable people could disagree as to whether the pocket knife was a "deadly weapon" there was sufficient testimony and evidence in the record to *987 support the trial court's conclusion that appellant's display of the knife blade and threat to poke the victim with the pocket knife in the chest made it a deadly weapon.
The order appealed from is affirmed.
ERVIN and BOOTH, JJ., SMITH, LARRY G., Senior Judge, concur.
NOTES
[1] See A.B. v. State, 757 So.2d 1241 (Fla. 4th DCA 2000); State v. A.M., 765 So.2d 927 (Fla. 2d DCA 2000); and State v. Coleman, 802 So.2d 422 (Fla. 3d DCA 2001).
[2] See Arroyo v. State, 564 So.2d 1153 (Fla. 4th DCA 1990); State v. Nixon, 295 So.2d 121 (Fla. 3d DCA 1974); see, e.g., Dale v. State, 703 So.2d 1045 (Fla.1997) (finding whether or not unloaded BB gun was a deadly weapon was issue for jury); Porter v. State, 798 So.2d 855 (Fla. 5th DCA 2001) (distinguishing per se rule that a common pocket knife is not a deadly weapon as enunciated in L.B. v. State, 700 So.2d 370 (Fla.1997); finding rule does not apply where pocket knife is in open position); Durden v. State, 743 So.2d 77, 78 (Fla. 1st DCA 1999), approved, 777 So.2d 416 (Fla. 2001) (holding offense of carjacking while armed with a deadly weapon may be committed by holding the open blade of a pocket knife to the victim's throat; whether an object is a "deadly weaponi.e., whether it is likely to produce death or great bodily harmis a factual question to be answered by the jury in each case.").