945 So.2d 636 (2006)
Samuel L. NEWBY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3555.
District Court of Appeal of Florida, Fourth District.
December 27, 2006.
Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
*637 Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant, Samuel Newby, was found guilty by jury of burglary of a dwelling, resisting an officer without violence, and petty theft. He was sentenced to fifteen years in prison as a Prison Releasee Reoffender (PRR) on the burglary conviction. We affirm, rejecting appellant's contention that the trial court erred in relying on a certified letter from the Department of Corrections to establish his release date under the PRR statute. See Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006); see also Corker v. State, 937 So.2d 757 (Fla. 4th DCA 2006); Rivera v. State, 939 So.2d 1197 (Fla. 4th DCA 2006). As we did in the above-cited cases, we certify conflict with Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005).
We also reject appellant's argument that the PRR statute is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See Kijewski v. State, 773 So.2d 124 (Fla. 4th DCA 2000), rev. denied, 790 So.2d 1105 (Fla.2001); accord McDowell v. State, 789 So.2d 956, 957-58 (Fla.2001); Sheffield v. State, 794 So.2d 592, 594-95 (Fla.2001); Parker v. State, 790 So.2d 1033, 1035 (Fla.2001).
Because the judgment of conviction incorrectly reflects that appellant entered a plea to these charges, we remand for correction to reflect that he was tried by jury. See Baker v. State, 925 So.2d 484 (Fla. 4th DCA 2006); Browning v. State, 932 So.2d 1150 (Fla. 2d DCA 2006); Quintero v. State, 939 So.2d 333 (Fla. 4th DCA 2006).
Affirmed, but remanded to correct the scrivener's error in the judgment.
STEVENSON, C.J., and STONE, J., concur.