955 So.2d 1199 (2007)
Michael R. WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3280.
District Court of Appeal of Florida, Fifth District.
May 4, 2007.
*1200 Michael Walker, Indiantown, pro se.
Bill McCollum, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
In this rule 3.800(a) proceeding, we reverse the trial court's denial of Michael R. Walker's second claim for relief directed at his sentence in Count V (lower court case number 02-06-CF-JS) for a violation of section 794.011(4)(b), Florida Statutes (2001), a first-degree felony. Walker argues in his second claim that his bargained-for 20-year prison sentence on Count V as a Prison Releasee Reoffender ("PRR") is illegal because section 775.082(9), Florida Statutes (2001) mandates that the trial court may only impose a 30-year sentence as a PRR for a first-degree felony. Walker's claim, although unorthodox, is correct. Section 775.082(9)(a)(3), Florida Statutes (2001), states in pertinent part:
Upon proof from the state attorney that . . . a defendant is a prison releasee reoffender . . ., such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows: . . . b. For a felony of the first degree, by a term of imprisonment of 30 years.
(Emphasis added). The language in the PRR statute is mandatory and, thus, the trial court has no discretion to impose a lesser sentence. See State v. Garcia, 923 So.2d 1186 (Fla. 3d DCA 2006); State v. Newmones, 765 So.2d 860 (Fla. 5th DCA 2000). Accordingly, Walker has agreed to an illegal sentence as to Count V, which must be vacated. See Wheeler v. State, 864 So.2d 492 (Fla. 5th DCA 2004) (recognizing that "an illegal sentence cannot be imposed even as part of a negotiated plea agreement.")
We remand this matter to the trial court with directions that the State be provided the option to either agree to the striking of the PRR designation as to Count V or, alternatively, to withdraw from the plea agreement with Walker. Cf. Thomas v. State, 932 So.2d 1221 (Fla. 5th DCA 2006). We affirm the trial court's denial as to Walker's remaining claim.
AFFIRMED in part; REVERSED in part; and REMANDED.
MONACO and LAWSON, JJ., concur.