BENTON, J.,
concurring.
All the judges involved in this case have done their duty as they (and I) understand it. Yet Brynn Sermon has been sentenced to life in prison “day for day” by legislative fiat, § 775.082(9), Fla. Stat. (2007), without a single judge’s deciding that a punishment so onerous was fitting for any of the crimes the appellant committed on July 20, 2007. See State v. Cotton, 769 So.2d 345, 358 (Fla.2000) (Quince, J., dissenting) (explaining that, under the prison releasee reoffender provisions, the “courts have been totally excluded from exercising their traditional role as senteneers”).
On July 20, 2007, he argued with Donta-via Kenon, first over the telephone, then in person at and in her apartment, where things got physical. His contact that day with Ms. Kenon, the 20-year-old mother of one of his children, violated the injunction against domestic violence she had obtained five weeks earlier, in the company of Traehell Cotton, a counselor with the Children’s Home Society to whom the Department of Children and Family Services had referred her.
For violating the injunction, he was sentenced to 206 days in county jail, the same sentence he received for simple battery. He received a third, concurrent sentence for simple assault. (He was originally charged with assault with a deadly weapon: There was testimony that Ms. Kenon grabbed a kitchen knife that he wrested from her, then handed off to one of her girl friends.) Fortunately, as far as the record reveals, neither she nor he suffered cuts, bruises or any other lasting, physical injury.
But there was still another charge. When Ms. Kenon and two of her girl friends arrived at her apartment after work on July 20, 2007, Mr. Sermon emerged from the apartment; and, in the course of the subsequent scuffle, both ended up back inside. On account of this, the information charged him with burglary of a dwelling and committing assault and battery in the course of the burglary, which “is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082.” § 810.02(2)(a), Fla. Stat. (2007).
Section 775.082 provides that “a prison releasee reoffender ... is not eligible for sentencing under the sentencing guidelines and must be sentenced” for a burglary like appellant’s “by a term of imprisonment for life.” § 775.082(9)(a)3.a., Fla. Stat. (2007). See Knight v. State, 808 So.2d 210, 212-13 (Fla.2002). Mr. Sermon qualifies as a “[p]rison releasee reoffender” because the burglary on July 20, 2007, occurred “within 3 years after being released from a state correctional facility.” § 775.082(9)(a)1.q., Fla. Stat. (2007). (His initial, recently ended incarceration had been for sale and possession of cocaine.)
He defended the burglary charge on the theory that Ms. Kenon had consented to his entry into the apartment. She did, indeed, so testify at trial. The state did not call her as a witness, but she testified for the defense that Mr. Sermon had slept in the apartment the night before he was arrested and for several nights before that; that he had a key to the apartment, *972 and kept his clothes in the apartment; that he had her permission to be inside that day, that she never told him otherwise and that she had no problem with his going back inside.
The state’s only rebuttal witness was Joe Alexander, one of the policemen who arrived in response to Ms. Kenon’s telephoned plea for help on July 20, 2007. He testified that Ms. Kenon told him then that Mr. Sermon had never lived with her at that address and that he was not supposed to have the key. In the main case, her girl friends had testified to his chasing her around the yard and striking her. In response to the defense motion for judgment of acquittal on the burglary charge, the state argued and the trial judge ruled that it was a question for the jury whether to believe Ms. Kenoris trial testimony or to find from other evidence that on the day in question she did not consent to Mr. Sermon’s (re)entry after he had slapped her and she had fled from him. Today we affirm the burglary conviction and thus the trial judge’s rulings denying the motion for judgment of acquittal at the close of the state’s case, and when renewed at the close of all the evidence.
Brynn Sermon’s life sentence stands undisturbed. But, although not for us to answer, the question of how carefully the Legislature thought through all the ramifications of the minimum mandatory sentences it prescribed for prison releasee reoffenders lingers.