ON REMAND FROM THE SUPREME COURT
 

 PER CURIAM.
 

 We reconsider on remand our opinion in
 
 Newby v. State,
 
 945 So.2d 636 (Fla. 4th DCA 2006), which was quashed by the Florida Supreme Court following its decision in
 
 Newby v. State,
 
 7 So.3d 518 (Fla. 2009). As ordered by the supreme court, we apply its decision in
 
 Yisrael v. State,
 
 993 So.2d 952 (Fla.2008), to the facts of this case.
 

 
 *918
 
 In
 
 Yisrael,
 
 the supreme court disapproved of this court’s holding in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006), which was the case relied upon by this court in holding that the Department of Corrections’ certified letter alone was sufficient evidence to establish the defendant’s release date under the Prison Re-leasee Reoffender statute.
 
 See Newby,
 
 945 So.2d at 637. Given the supreme court’s reasoning in
 
 Yisrael,
 
 we now reverse Newby’s sentence as a PRR because a DOR letter alone is insufficient to support sentencing as a PRR.
 
 See Yisrael,
 
 993 So.2d at 961. We, therefore, remand for resentencing consistent with the supreme court’s decision in
 
 Yisrael.
 
 Upon remand, the state may present additional evidence to prove that the defendant qualifies for prison releasee reoffender sentencing.
 
 See State v. Collins,
 
 985 So.2d 985, 990 (Fla.2008).
 

 Reversed
 
 and
 
 Remanded.
 

 STEVENSON, TAYLOR and CIKLIN, JJ., concur.