PER CURIAM.
Joseph Cimaglia appeals the trial court’s final order summarily denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Pursuant to Walker v. State, 955 So.2d 1199 (Fla. 5th DCA 2007), we reverse Cim-aglia’s ten-year prison sentence as a prison releasee reoffender (“PRR”) on Count I, burglary while armed with a firearm, and remand to the trial court to allow the State to either strike the designation or withdraw from the plea agreement with Cim-aglia. We affirm the final order in all other respects.
Cimaglia was charged with burglary while armed with a firearm (Count I), and felon in possession of a firearm or ammunition (Count II). He pled guilty pursuant to a negotiated plea and was sentenced to ten years mandatory minimum as a PRR on Count I and fifteen years with a three-year mandatory minimum without the PRR designation on Count II.
Cimaglia filed a motion for postconviction relief, raising six grounds for relief. The trial court summarily denied the motion based on its untimeliness. On appeal, this Court issued an order to show cause with respect to ground one of his motion. Ground one alleged that his negotiated plea for a ten-year prison sentence as a PRR on Count I was illegal, because the mandatory language of the PRR statute required imposition of a life sentence. See § 775.082(9)(a)3.a., Fla. Stat. (2005).
We treat the denial of Cimaglia’s Rule 3.850 motion as an appeal from the denial of a Rule 3.800(a) motion. See Hall v. State, 643 So.2d 635, 636 (Fla. 1st DCA 1994) (“[Cjourts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so.”). A postconviction claim of an illegal sentence may be raised at any time. See Fla. R.Crim. P. 3.800(a). Moreover, “ ‘an illegal sentence cannot be imposed even as part of a negotiated plea agreement.’ ” Cassista v. State, 57 So.3d 265, 267 (Fla. 5th DCA 2011) (quoting Wheeler v. State, 864 So.2d 492, 492 (Fla. 5th DCA 2004)); Torbert v. State, 832 So.2d 203, 205 (Fla. 4th DCA 2002) (“[A] defendant’s right to challenge an illegal sentence is not waived by the fact that the sentence was the result of a negotiated plea.”).
In its response to this Court’s show cause order, the State concedes that Walker is controlling. In Walker, the defendant pled guilty to a first-degree felony and pursuant to a negotiated plea was sentenced to twenty years in prison as a PRR. 955 So.2d at 1200. In a Rule 3.800(a) proceeding, the defendant argued his sentence was illegal because section 775.082(9), Florida Statutes (2001) mandated a thirty-year sentence as a PRR for a first-degree felony. Id. The Fifth District agreed, explaining that “[t]he language in the PRR statute is mandatory and, thus, the trial court has no discretion to impose a lesser sentence.” Id. (citations omitted). The Fifth District remanded the matter to the trial court “with directions that the State be provided the option to either agree to the striking of the PRR designation ... or, alternatively, to withdraw from the plea agreement with Walker.” Id. (citation omitted).
Here, Cimaglia received a ten-year sentence as a PRR on Count I when it appears that he should have received a mandatory life sentence. Burglary with a firearm is a first-degree felony punishable by life, requiring imposition of a life sentence under the PRR statute. See §§ 810.02(l)(b), 810.02(2)(b), 775.082(9)(a)l., 775.082(9)(a)3.a., Fla. Stat. (2005); see also Knight v. State, 808 So.2d 210, 213 (Fla.2002) (holding the phrase, *843 “felonies punishable by life,” as used in the PRR statute, provides for a mandatory life sentence for prison releasee reoffenders who commit either life felonies or first degree felonies punishable by life). Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

STEVENSON, TAYLOR and DAMOORGIAN, JJ., concur.