MAY, C.J.
The State appeals the sentence imposed by the trial court. It argues the trial court erred in failing to sentence the defendant as a prison releasee reoffender (“PRR”) to the mandatory sentence of fifteen years. The defendant responds that IF he qualifies as a PRR, then the sentence is in error. However, on cross-appeal the defendant argues that the State failed to establish by proper proof that the defendant is a PRR. We reverse and remand.
A jury convicted the defendant of burglary of a dwelling, a second degree felony capable of punishment up to fifteen years. According to the discussion at sentencing, the defendant had been released from prison only a few months before the commission of this crime. The defendant moved for a temporary furlough and a departure from the mandatory minimum sentence, claiming: (1) his involvement was small; (2) he understands the nature of his conduct, but he was substantially impaired at the time of the crime; (3) there is no restitution requested; (4) he acted under pressure from a co-defendant; (5) he cooperated with police; and (6) he is in his early twenties.
The State advised the court that the defendant was a PRR and requested a fifteen-year sentence. Defense counsel requested a departure sentence of five years PRR. Defense counsel then claimed lack of notice of the State’s intention to ask for a PRR sentence.
The court recessed and upon reconvening was advised that notice in the court file was sufficient to place the defendant on notice. Defense counsel then claimed that the documentation to establish the defendant as a PRR was insufficient because the DOC documents were not under seal. The Court noted defendant’s release date of July 16, 2008; the defendant committed the current burglary on August 21, 2008. The Court then sentenced the defendant to ten years as a PRR. The State objected and now appeals.
We have de novo review. Kittles v. State, 31 So.3d 283, 284 (Fla. 4th DCA 2010).
To sentence the defendant as a PRR, the State must provide evidence of the defendant’s release date. Under Yisrael v. State, 993 So.2d 952 (Fla.2008), the State may use “a signed release-date letter, written under seal, as a means of authenticating an attached DOC Crime and Time Report” to admit the evidence as a public record. Yisrael, 993 So.2d at 960. Alternatively, the State may authenticate a “DOC Crime and Time Report” by attaching a certification to the report, thereby satisfying the business records exception to hearsay. Id.
As the defendant concedes, the trial court must sentence him to fifteen years if he is a PRR. Walker v. State, 955 So.2d 1199, 1200 (Fla. 5th DCA 2007). Unfortunately, the State never “admitted” any records into evidence.[1] Because the evidence was not introduced, the case must be reversed and remanded. Upon remand, the State will have another opportunity to introduce evidence to demonstrate the de- *1192 fendant may be sentenced as a PRR. Newby v. State, 17 So.3d 917, 918 (Fla. 4th DCA 2009).

Reversed and Remanded.

GROSS and DAMOORGIAN, JJ., concur.

. We note that our record on appeal contains a copy of a certified letter from the Office of Executive Clemency indicating that the defendant's rights have not been restored and a copy of the judgment and sentence in two prior cases where the defendant received twenty-four months and 366 days, respectively, in April 2006.